# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**FREIDA JOHNSON**  PLAINTIFF

v.  CIVIL ACTION NO. 4:22-CV-P125-JHM

**COMMONWEALTH OF KENTUCKY**  DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Freida Johnson is incarcerated as a pretrial detainee at the Daviess County Detention Center. She brings this action against the Commonwealth of Kentucky.

Plaintiff makes the following allegations in the complaint:

Commonwealth of Kentucky's role in a whistle blower case against Govenor Andy Beshear in retaliation because I have filed a case against his father former Govenor Steven Beshear who concealed a homicide for a domestic terrorist organization on June 2007 for Jacinta S. Lanham a known Anglo Saxon hate group in a homicide investigation that walked two white suprimist for the murder of my 14 year old son Eric Deeshawn Johnson on June 10 2006 while attending a carnival with friends. I've been lied to by Kewell stated fraudulent use of credit card in 2019 by my husband Albert Shaw whom was never addressed on this matter nor have I ever been addressed about this until 2022 after 42 Title 1983 was filed impalmenting is father's Steven Beshear Govenor at the time whom was in a picture siding with the KKK on July 2007 in a photo with my daughter Erica Johnson according to the officer of the Owensboro Police Department Loren Yontz/John Kawalskus Chief of Police NAACP Michael Walker and actions taken by the Commonwealth of Kentucky Governor Steven Beshear siding with Owensboro Police Department Commonwealth Attorney did violate my 8th Amendment and 14th Amendment by nor pursing homicide charges in my son's homicide case and Steven Beshear agreed not to pursue a hate crime against the ones responsible for the homicide death of my son . . . . I was contacted by probation and parole in regard to an investigation I filed about my nephew . . . . Probation and parole stated the Govenor Andy Beshear is the reason he is not being release on a parole violation where he

did not catch another charge nor commit a violent offense. He owe restitution. Administrative Order from Washington D.C. because of COVID 19 it's consider cruel and unusual punishment. To not incarcerate parole violaters and non violent offenders into custody as long as Andy Beshear is Govenor I will not receive a fair trial and he is in serious violation of his duties and powers given him as Govenor in state of Kentucky causing extreme emotional distress involuntary servitude by false imprisonment controlling the decisions made in court by Michael Van Meter to commit me to KCPC twice on the same charge where I am the victim of a violent crime who was denied public advocate crime victims restitution and Vine notification when Albert Shaw was released from prison on Dec 29 2021 for 2nd degree assault. In a case Judge Jay Wethington court whom was the Commonwealth Attorney along with former Govenor Steven Beshear and walked Jesse Allen Hastie and Ashley Cox in a homicide death of my [] son . . . on June 10, 2006. My attorney Leigh Jackson office of the public defenders stated she was coming to jail to get information to get me released to treatment then against current mental health compliance . . . . As of this date I'm being held without legal council to advocate my case because Leigh Jackson has been appointed Judge I'm in jail . . . with no legal representation 6th Amendment, excessive bail 8th Amendment, violation of right to privacy, was never marindize on any of my cases nor questioned just charged.

As relief, Plaintiff seeks damages and injunctive relief in the form of "stopping the retaliation whisteblowers."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court first observes that the Commonwealth of Kentucky is not a proper Defendant in this action. Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

66 (1989). The U.S. Constitution's "Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.* (citations omitted). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not override the traditional sovereign immunity of the states. *Will*, 491 U.S. at 66. Thus, Plaintiff's claim for damages against the Commonwealth of Kentucky must be dismissed because they seek monetary relief from a defendant immune from such relief.

Moreover, to the extent that the complaint contains any claims vaguely discernible to the Court, those claims seem to be based on ongoing state-court criminal actions against Plaintiff. This Court cannot interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37 (1971). Indeed, under *Younger*, a district court must abstain from interfering in a state-court action if it is: "(1) currently pending; (2) involve[s] an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (citation omitted). State criminal matters are an important state interest, *Younger,* 401 U.S. at 44-45, and there is no reason evident from the complaint from which this Court could infer that Plaintiff would be barred from raising constitutional claims in her state-court actions. Consequently, any claims related to Plaintiff's ongoing state-court criminal actions must be dismissed.

Finally, the Court finds that the remainder of the complaint is written in a virtually incomprehensible stream-of-consciousness format and does not set forth allegations or legal claims that are reasonably intelligible to the Court. For this reason, the Court finds that any other claims

set forth in the complaint are subject to dismissal for failure to state a claim upon which relief may be granted. *See, e.g.*, *Dickerson v. Washington*, No. C18-652 TSZ-BAT, 2018 U.S. Dist. LEXIS 110290, at *4 (W.D. Wash. June 7, 2018) (dismissing "unintelligible" complaint for failure to state a claim upon which relief may be granted); *Trammell v. Caudill*, No. 1:05cv740, 2005 U.S. Dist. LEXIS 30323, at *4 (S.D. Ohio Nov. 15, 2005) (dismissing action for failure to state a claim because "the [] allegations appear to be a compilation of unintelligible and disjointed thoughts [and] the Court is unable to discern the type of relief plaintiff is seeking").

## IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: March 2, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011